IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR MONROY FLORES,

Plaintiff,

v.

SIX UNKNOWN NAMES AGENTS OR MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA,

Defendants.

Case No. 1:12-cv-01476 LJO JLT (PC)

ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT FORM AND EITHER FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS

(Doc. 1).

On September 10, 2012, Plaintiff filed what was construed as a civil rights Complaint. (Doc. 1). The Complaint is not signed and it sets forth no intelligible claims for relief. (Id.) The Court cannot consider unsigned filings and the Complaint shall be stricken from the record for

that reason. Plaintiff has thirty days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[1]

Plaintiff must also either file a motion seeking leave to proceed in forma pauperis or pay the $350.00 filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is stricken from the record for lack of signature;

2. The Clerk's Office shall send Plaintiff a Bivens complaint form and an application to proceed in forma pauperis;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $350.00 filing fee for this action; and

4. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **September 19, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.